UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

In Re the Matter:

John R. and Marilyn J. Johnson,

        Debtor.

Robert T. Kasdorf, Trustee
16 N. Carroll St., Ste. 500
Madison, WI 53703

        Plaintiff,

v.

Bank of Lake Mills
136 E. Madison
Lake Mills, WI 53551

        Defendant.

In Bankruptcy Case No.:
Case No. 07-14042

**ADVERSARY COMPLAINT**

Adversary Case No:

---

NOW COMES the plaintiff, Robert T. Kasdorf, Trustee, by his attorneys Herrick & Kasdorf, LLP, and as and for cause of action the above-named defendant, alleges as follows:

1. That this Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334 in that it arises in and relates to a preferential transfer avoidance action in the bankruptcy case of John R. and Marilyn J. Johnson filed in the Western District of Wisconsin on 10/16/2007 as Case No. 3-07-14042-rdm and which is presently pending in this Court.

2. That this is a Core proceeding as that term is defined by 28 U.S.C. §157(b)(2)(F).

3. That Venue of this action is proper in this Court pursuant to 28 U.S.C. §1409.

4. That the Plaintiff, Robert T. Kasdorf, was duly appointed as Chapter 7 Trustee and is and has been qualified to so act since said appointment. The plaintiff is an attorney with a principal place of business located at 16 N. Carroll St., Ste. 500, Madison, WI 53703.

5. That the Defendant is a corporation duly organized and existing under and by virtue of the laws of the State of Wisconsin with a mailing address of 136 E. Madison, Lake Mills, WI 53551.

6. That the debtors listed in their Schedule A an ownership interest in property located at 225-229 Water Street, Rockdale, Wisconsin.

7. That the legal description of the subject property is:

Parcel A

Part of Lots Eight (8) and Nine (9), Block Seventy-Three (73), Clinton, in the Village of Rockdale, Dane County, Wisconsin, more particularly described as follows: Beginning at the Northeast corner of said Lot 8; thence North 84° West, 41.5 feet; thence north 61° 15' West, 50.0 feet to the easterly line of Water Street; thence Southwesterly along said line of Water Street 35 feet 5 1/2 inches; thence South 72° East, 58 feet, more or less to the Easterly edge of a building; thence East parallel to the South line of said Lot 8 to the East line of said Lot 8; thence North 24 feet 5 1/2 inches along said East line to the point of beginning.

Tax Roll Parcel Number: 176/0612-242-4618-7

Address Per Tax Roll: 229 Water St.

Parcel B

Part of Lot Eight (8), Block Seventy-Three (73), Clinton, in the village of Rockdale, Dane County, Wisconsin, more particularly described as follows: Beginning at the Southeast corner of said Lot 8; thence North along the East line of said Lot 8, 22.0 feet to the point of beginning of this description; thence West parallel to the South line of said Lot 8, 67.0 feet; thence North 72° West, 61.0 feet to the Easterly line of Water Street; thence Northeasterly along Water Street, 19 feet 6 1/2 inches; thence South 72° East, 58.0 feet, more or less, to the Easterly edge of a building; thence East parallel to the South line of said Lot 8, to the East line thereof; thence South along the said East line 19 feet 6 1/2 inches to the point of beginning.

Tax Roll Parcel Number: 176/0612-242-4614-1

Address Per Tax Roll: 225 Water St.

Parcels A and B both together with and subject to Driveway Agreement recorded in Volume 209 of Misc., Page 358, as Document No. 759526.

8. That Defendant Bank of Lake Mills may claim rights to the subject property based on a real estate mortgage dated June 30, 2006 and recorded July 5, 2006 at the Dane County Register of Deeds as Document # 4209714.

9. That the trustee is informed that the mortgage described in paragraph 8 above was not executed by John R. and Marilyn Johnson and is, in fact, a forged document.

10. That the trustee seeks to administer the property for the benefit of creditors and needs a determination of the validity of the mortgage.

WHEREFORE, the Plaintiff asks the court to find that the mortgage to Defendant does not create a valid lien or interest in the Water Street property. Plaintiff also asks for an award of all taxable costs and disbursements incurred in bringing this action, and such other relief as the Court deems appropriate.

Dated this 3rd day of July, 2008.

HERRICK & KASDORF, L.L.P.

_____
Robert T. Kasdorf
Attorneys for Trustee
16 N. Carroll St., Ste. 500
Madison, WI 53703
Tel. (608) 257-1369

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In Re the Matter:<br><br>John R. and Marilyn J. Johnson,<br><br>        Debtor. | In Bankruptcy Case No.:<br>Case No. 07-14042<br><br>**ADVERSARY COMPLAINT** |
| Robert T. Kasdorf, Trustee<br>16 N. Carroll St., Ste. 500<br>Madison, WI 53703<br><br>        Plaintiff,<br>v.<br><br>US Bank National Association<br>150 Allegheny Center Mall IDC 24-050<br>c/o Home Loan Service, Inc.<br>Pittsburg, PA 15212<br><br>        Defendant. | Adversary Case No: |

NOW COMES the plaintiff, Robert T. Kasdorf, Trustee, by his attorneys Herrick & Kasdorf, LLP, and as and for cause of action the above-named defendant, alleges as follows:

1. That this Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334 in that it arises in and relates to a preferential transfer avoidance action in the bankruptcy case of John R. and Marilyn J. Johnson filed in the Western District of Wisconsin on 10/16/2007 as Case No. 3-07-14042-rdm and which is presently pending in this Court.
2. That this is a Core proceeding as that term is defined by 28 U.S.C. §157(b)(2)(F).
3. That Venue of this action is proper in this Court pursuant to 28 U.S.C. §1409.
4. That the Plaintiff, Robert T. Kasdorf, was duly appointed as Chapter 7 Trustee and is and has been qualified to so act since said appointment. The plaintiff is an attorney with a principal place of business located at 16 N. Carroll St., Ste. 500, Madison, WI 53703.
5. That the Defendant is a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania with a mailing address of 150 Allegheny

       Center Mall IDC 24-050, c/o Home Loan Service, Inc. Pittsburg, PA 15212.

6. That the debtors listed in their Schedule A an ownership interest in property located at N2271 Forest Run, Oconomowoc, WI.

7. That the legal description of the subject property is:

Lot 22, in Forest Cove, a subdivision of all that part of the Southwest Quarter and Southeast Quarter of the Southwest Quarter of Section Seventeen (17), and the Northwest Quarter and Northeast Quarter of the Northwest Quarter of Section Twenty (20), Town Seven (7) North, Range Seventeen (17) East, in the Town of Summit, Waukesha County, Wisconsin.

8. That the mortgage is dated March 29, 2006 and recorded at the Waukesha County Register of Deeds on April 18, 2006 as Document #3379074.

9. That the trustee is informed that the mortgage described in paragraph 8 above was not executed by John R. and Marilyn J. Johnson, nor was it executed by their agent or attorney, nor was it executed with their permission.

10. The trustee seeks to administer the property for the benefit of creditors and needs a determination of the validity of the mortgage.

WHEREFORE, the Plaintiff asks the court to find that the mortgage to Defendant does not create a valid lien or interest in the Forest Run property. Plaintiff also asks for an award of all taxable costs and disbursements incurred in bringing this action, and such other relief as the Court deems appropriate.

Dated this 3rd day of July, 2008.

                                            HERRICK & KASDORF, L.L.P.

                                            /s/
                                            Robert T. Kasdorf
                                            Attorneys for Trustee
                                            16 N. Carroll St., Ste. 500
                                            Madison, WI 53703
                                            Tel. (608) 257-1369